**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISISION**,

CAROL LYONS

    Plaintiff,                                     Hon. BORMAN

v.                                                Case No. 2:12-cv-12182-PDB-PJK

TROTT & TROTT, A Michigan Professional
ServicesCorporation
BANK OF AMERICA, NA
BAC HOME LOANS SERVICING, LP

    Defendants.

---

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

## **CONTROLLING AUTHORITY**

Alexander v Electronic Data Systems Corp 13 F3d 940

Gafford v. General Electric Co., [997 F.2d 150](#).

Ludwig, as personal representative of the Estate of Harry Michael Ludwig, deceased, v Learjet, Inc  830 F. Supp  995)

*Saginaw Hous Comm'n v Bannum, Inc*, 576 F3d 620, 624 (6th Cir 2009) (fraudulent joinder only where no "colorable cause of action");

*Young v Bailey Corp*, 913 F Supp 547, 550–551 (ED Mich 1996)

## SUMMARY

On April 24, 2012, Plaintiff filed an action in Oakland County Circuit Court.  Defendant Bank of America  removed this matter to Eastern District Federal Court on May 16, 2012.  As a basis for the removal, Defendants's argue that ANOTHER DEFENDANT, Trott & Trott, was added as a "fraudulent" defendant.  Defendants' removal was based upon the argument that Defendant corporation, Trott & Trott, who is a non-diverse Defendant, was added as a "fraudulent"defendant.  However, Defendant Bank of America provides no evidence that effectively refutes the evidence presented in Plaintiff's Verified Complaint.  In fact, documentary evidence in the case unequivocally demonstrates t hat Trott & Trott acted independently of Bank of America.

Plaintiff stated specific claims against Defendant TROTT & TROTT in Counts: VI, V, VI and VII her Complaint.  Count IV, specifically notes Trott & Trott's **individual** responsibilities pursuant to Michigan Statute, MCL 600.3205et seq.  Pursuant to this statute, Trott & Trott sent a letter to the Plaintiff.   The statute does not mandate that the relationship is that of attorney/client, but instead that of a "local designee" and at no point in the letter does Trott & Trott advise the Plaintiff that they are in fact providing legal representation on behalf of Trott & Trott.  **In fact, in discussions with Plaintiff's housing counselor, Defendant Trott & Trott represented that they were acting as "mediators."**

In their notice of removal, Defendants fail to carry their high burden of proof to show that Trott & Trott was fraudulently joined in order to defeat diversity jurisdiction in that they ignore the facts specific to Plaintiff's case and improperly rely on *Yuille v Trott & Trott, PC* (Defendants Exhibit 3 in their motion).

**Plaintiff's case is clearly distinguished from *Yuille* in that Defendant Trott & Trott REPEATEDLY makes statements that CONTRADICT the statements of BAC and Bank of America. Thus, it is clear that they are not merely making statements on behalf of their alleged legal client, but are, acting independently and in a manner such as to REPEATEDLY violate and fail to carry out the specific requirements of MCL 600.3205et seq and further to frustrate the loan modification transaction by providing false information and instructions to the Plaintiff.**

The law is clear that Defendants have the burden of proving their allegations of fraudulent joinder. In the instant case, Defendants <u>fail</u> to meet this burden. It should be noted that Trott & Trott, the alleged aggrieved party, did not seek removal on this basis. Nor did they file a motion for Summary Disposition in State Court seeking to terminate their involvement in the matter. Thus, Trott & Trott must believe they are properly in the transaction, or would have sought to extricate themselves from the action.

## STANDARD OF REVIEW

### I. Complete Diversity Required

The law is clear that a Defendant may remove a case to federal court based on diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 USC 1441(b). The burden to establish federal jurisdiction in this case is clearly upon the defendants as the removing party. *Gafford v. General Electric Co.*, [997 F.2d 150](997 F.2d 150).

### II. Defendant must prove fraudulent joinder

A non-diverse defendant who has been fraudulently joined in order to defeat diversity jurisdiction is completely disregarded for purposes of establishing federal jurisdiction. Ludwig v

Learjet Inc 830 F. Supp citing *Wiacek v. Equitable Life Assur. Soc. of the US* 795 F. Supp 223, 226 (E.D.Mich 1992).

### A. Fraudulent Joinder is established by "reasonableness standard"

The existence of "fraudulent joinder" is established under a "reasonableness standard." Under this standard the defendant has the burden of demonstrating the non-diverse was fraudulently joined. In order to meet this burden, the defendant must show that the plaintiff has **no reasonable basis** for a claim against the non-diverse defendant in state court, based upon the alleged facts *Id. (emphasis added)*. In fact, some courts, have previously held that an "absolute standard" should be applied. However, this court previously found that standard to be too onerous, and held that the "reasonableness standard" shall be applied.

### B. Colorable grounds for claims defeats a finding of fraudulent joinder

Any "colorable ground" for claims against nondiverse defendants precludes a finding of fraudulent joinder. *Id.* at 949; *see also Saginaw Hous Comm'n v Bannum, Inc*, 576 F3d 620, 624 (6th Cir 2009) (fraudulent joinder only where no "colorable cause of action"); *Young v Bailey Corp*, 913 F Supp 547, 550–551 (ED Mich 1996)

## ARGUMENT

### I. Defendants fail to meet their burden

Defendants fail to allege any specifics facts to support their allegation that Plaintiff's added Trott & Trott merely to defeat diversity. In fact, the evidence and documents are clear in Plaintiff's case that the Defendant, Trott & Trott,was a major actor in the wrongs complained of by the Plaintiff. Further, the complaint and supporting evidence demonstrates that their acts were <u>independent</u> of, and on a number of occasions, contradictory to the statements and position of

Bank of America. These acts, by Trott & Trott frustrated Plaintiff's ability to save her home from foreclosure and frustrated her ability to complete her loan modification. Further, Trott & Trott acted contrary to MCL 600.3205 et seq. **Nothing in the statute states that no liability occurs for those who violate the statute.**

Defendant Bank of America, in an attempt to thwart accountability in the state court ignores, Plaintiff's statements throughout the **Verified complaint.** Plaintiff, a senior citizen, clearly demonstrates that Trott & Trott provided her with improper instructions, false and confusing information, misled Plaintiff and her housing counselor as to their role and failed to timely provide the calculations she was entitle to pursuant to MCL 600.3205 et seq.

Clearly, statements diametrically opposed to their alleged "agent" demonstrate that Trott & Trott was acting independently and not merely carrying forth the position and wishes of the principal. **Further, Trott & Trott represented that they were acting as "Mediators" in statements and correspondence made to the Plaintiff Homeowner and the housing counselor**. (See housing counselor Note to be submitted under seal). Certainly a mediator has a duty to act impartially and consistent with statute.

## II.     Plaintiff States "Colorable Claims" thus the Defendant's allegation of fraudulent joinder must fail.

In the instant case, it is clear that Plaintiff alleges "colorable claims" against Defendant Trott & Trott. In fact, this Defendant's acts so egregious it would be patently improper not to have included them as a Defendant. Defendant Bank of America's claim of "fraudulent joinder" is simply without merit and must fail. Specifically, Trott & Trott representatives themselves:

   a. Failed to send out the required complete housing notice mandated by MCL 600.3205 et seq

    b.  Failed to provide truthful and accurate information as to the status of Plaintiff's loan modification review, despite Plaintiff's repeated inquiries.

    c.  Failed to timely provide calculations contrary to statutory requirements of MCL 600.3205 et seq

    d.  Represented to Plaintiff and Plaintiff's housing counselor that in fact they were "mediators."

    e.  Referred Plaintiff to the Trott & Trott "mediation team" thus creating the false impression they were neutral parties seeking to assist in the resolution of Plaintiff's difficulties in obtaining a loan modification.

These are "colorable claims." The acts and representations of Defendant Trott & Trott are such that any reasonable person would not believe Trott & Trott was merely acting as an agent for the bank.

Pursuant to *Alexander*, it is the removing party's burden to demonstrate fraudulent joinder. The law is also clear that any doubts are resolved <u>against</u> removal. *Id.* Any "colorable ground" for claims against nondiverse defendants precludes a finding of fraudulent joinder. *Id.* at 949; *see also Saginaw Hous Comm'n v Bannum, Inc*, 576 F3d 620, 624 (6th Cir 2009) (fraudulent joinder only where no "colorable cause of action"); *Young v Bailey Corp*, 913 F Supp 547, 550–551 (ED Mich 1996).

       To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994). However, if there is **a colorable basis** (emphasis added) for predicting that a plaintiff may recover against non-diverse defendants, this <u>Court must remand</u> the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *Id.*

A claim is not "colorable" if it is "wholly insubstantial and frivolous." *Wiseman v. Universal Underwriters Ins. Co.,* 412 F.Supp.2d 801, 803 (S.D. Ohio 2005) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1999)). That said, a claim can be "colorable" even if it ultimately cannot withstand a motion to dismiss in state court. *Id.* (citing *Batoff,* 977 F.2d at 852-53). Therefore, whether the plaintiff will ultimately recover against the non-diverse defendant is immaterial. *Carter v. Philip Morris Corp.,* 106 F.Supp.2d 768, 770 (E.D. Pa. 2000) ("Simply because we come to believe that, at the end of the day, a state court would dismiss the allegations against a defendant for failure to state a cause of action does not mean that the defendant's joinder was fraudulent."). If there is "*even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.").

In the instant case, the facts clearly demonstrate that Bank of America's claim that Trott & Trott was fraudulently added is completely without merit. Defendant Trott & Trott for the reasons previously set forth is properly included in this action and should be held responsible for their bad acts, misrepresentations and statutory violations.

## **CONCLUSION**

In light of the fact that Defendant has failed to produce any evidence that directly refuses the statements in Plaintiff's verified complaint, and documentary evidence produced, Plaintiff respectfully asks for this Honorable Court to find that TRott & Trott was not fraudulently joined in this action and requests an order remanding the case to Oakland County Circuit Court. In

addition, Plaintiff respectfully asks for an order of payment of Plaintiff's actual costs and actual expenses including attorney fees incurred as a result of the removal and subsequent pleadings required in Federal Court.

          Respectfully submitted,

          THE MORAN LAW FIRM

          /s/ *Valerie A. Moran*
          Valerie A. Moran (P 56498)
          115 N. Center Street
          Suite 203
          Northville, MI  48167
          Phone: 248-465-9400
          Cell: 248-514-6755
          Email:vmoranatty@aol.com

DATED: JUNE 18, 2012

## CERTIFICATE OF SERVICE

**The foregoing pleading was served to all attorneys of record via electronic filing with the clerk of the court through the ECF electronic system.**

   /s/ *Valerie A. Moran*
Valerie A. Moran (P 56498)
115 N. Center Street
Suite 203
Northville, MI  48167
Phone: 248-465-9400
Cell: 248-514-6755
Email:vmoranatty@aol.com

DATED: JUNE 18, 2012