UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LYONS,

    Plaintiff,

v.

TROTT & TROTT,
BANK OF AMERICA, N.A., and
BAC HOME LOANS SERVICING, LP,

    Defendants.

Case No. 2:12-cv-12182

Honorable Paul D. Borman

Magistrate Judge Paul J. Komives

_____/

THE MORAN LAW FIRM
Valerie A. Moran (P56498)
Attorneys for Plaintiff
115 N. Center Street, Suite 203
Northville, MI 48167
(248) 465-9400
vmoran@aol.com

TROTT & TROTT, P.C.
Steven A. Jacobs (P68749)
Attorneys for Defendant Trott & Trott
31440 Northwestern Highway, Ste. 200
Farmington Hills, MI 48334
(248) 341-4941
sjacobs@trottlaw.com

DICKINSON WRIGHT PLLC
Amy Sabbota Gottlieb (P67020)
Ari M. Charlip (57285)
Attorneys for Defendant
Bank of America, N.A.
2600 West Big Beaver Rd., Ste. 300
Troy, MI 48084
(248) 433-7286
agottlib@dickinsonwright.com
acharlip@dickinsonwright.com

_____/

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND TO OAKLAND COUNTY CIRCUIT COURT**

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

INDEX OF AUTHORITIES ....................................................................................... ii

QUESTION PRESENTED ........................................................................................ iii

CONTROLLING AUTHORITY ............................................................................... iv

I.  INTRODUCTION ................................................................................................1

II. BACKGROUND ..................................................................................................2

III. ARGUMENT .......................................................................................................3

IV. CONCLUSION ....................................................................................................7

# INDEX OF AUTHORITIES

**Cases**

*Alexander v. Elec. Data Sys. Corp.*
13 F.3d 940, 949 (6th Cir. 1994) ............................................................................................. 3

*Casey v. Auto Owners Ins. Co.*
273 Mich. App. 388, 402-03, 729 N.W.2d 277 (2006) ..................................................... 4, 6

*Coyne v. American Tobacco Co.*
183 F.3d 488, 492-93 (6th Cir. 1999) ...................................................................................... 3

*Edwards v. Std. Fed. Bank, N.A.*
2009 U.S. Dist. LEXIS 2590, at *10 (E.D. Mich. Jan. 14, 2009) ........................................... 6

*Estate of Malloy v. PNC Bank*
No. 11-12922, 2011 U.S. Dist. LEXIS 109850, *3-4 (E.D. Mich. Sept. 27, 2011) ............. 7

*Yuille v. Trott and Trott, PC*
 No. 11-CV-10584, at 2 (E.D. Mich. March 30, 2011) ........................................................... 4

**Statutes**

28 U.S.C. § 1332 ................................................................................................. iii, iv, 1, 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1

## QUESTION PRESENTED

Should this Court deny Plaintiff's Motion to Remand to Oakland County Circuit Court where this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over Plaintiff's Complaint, as Michigan Defendant Trott & Trott, P.C. was fraudulently joined?

Plaintiff answers:  No.

Defendant Bank of America, N.A. answers:  Yes.

This Court should answer:  Yes.

## **CONTROLLING AUTHORITY**

Defendant Bank of America, N.A. relies on 28 U.S.C. § 1332 and the other authorities cited in the following response brief.

Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing L.P.[1] (hereinafter, "BANA"), through its attorneys, Dickinson Wright PLLC, states as follows in response to Plaintiff Carol Lyon's ("Plaintiff") Motion to Remand to Oakland County Circuit Court ("Motion to Remand"):

## I. **INTRODUCTION**

This case stems from the default of a residential mortgage, followed by foreclosure proceedings. On or about April 24, 2012, Plaintiff filed a seven-count Complaint in Oakland County Circuit Court following her approval for a loan modification, which she declined, because she did not approve of the terms of the modification. (*see* Dkt. No.1, Notice of Removal). On May 16, 2012, BANA timely removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. §1332. *Id.* On June 11, 2012, BANA filed a Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 9). On June 18, 2012, Plaintiff filed her Motion to Remand (Dkt. No. 11). Plaintiff's Motion to Remand is merely a delay tactic to allow Plaintiff to remain in possession of the subject property despite the fact that she has defaulted on her mortgage loan and has not cured the default.

Plaintiff challenges BANA's removal to this Court on the basis that the Court lacks diversity jurisdiction. BANA is unquestionably a foreign entity, which Plaintiff does not dispute. Although defendant, Trott & Trott, P.C. ("Trott"), foreclosure counsel for BANA, is a Michigan-based law firm, Trott is a nominal defendant and fraudulently joined by Plaintiff in this action in an attempt to divest this Court of jurisdiction. In the Motion to Remand, Plaintiff attempts to argue that Trott acted independently from BANA and thus Plaintiff has stated colorable claims

---

[1] Plaintiff names both Bank of America, N.A. and BAC Home Loans Servicing, LP as defendants. Effective July, 1, 2011, BAC Home Loans Servicing, L.P. merged with and into Bank of America, N.A.

1

against Trott. However, the Complaint (and attached exhibits) does not support Plaintiff's propositions. Instead, the Complaint lends support to BANA's position that Trott has been fraudulently joined in this lawsuit and thus its citizenship should not be considered for removal purposes. Therefore, Plaintiff's Motion to Remand should be denied because jurisdiction is proper with this Court.

## II. BACKGROUND

This case involves real property located at 690 Gamma Road, Walled Lake, Michigan 48390 (the "Property"). On September 24, 2004, Plaintiff obtained a loan from original lender Premiere Mortgage Corporation ("Lender") in the original principal amount of $161,600.00 (the "Loan"). **Ex. A,** Note. To secure repayment of the Loan, Plaintiff executed a promissory note (the "Note") and granted a mortgage interest in the Property. **Ex. A**, Note; **Ex. B**, Mortgage. The Mortgage was recorded on October 12, 2004 in Liber 34213, Page 389, Oakland County Register of Deeds (the "Mortgage"). **Ex. B,** Mortgage.

BANA was the loan servicer of Plaintiff's Loan and became the mortgagee of record by assignment of the mortgage. *See* **Ex. C,** Third Assignment of Mortgage.[2] Following Plaintiff's default on the Loan, in January 2011, BANA initiated foreclosure by advertisement proceedings against Plaintiff through its foreclosure counsel, Trott. (*See* Dkt. No. 1, Complaint, Housing Counselor Notice attached as Exhibit 4). After Plaintiff rejected a proposed loan modification in

---

[2] All assignments of mortgage have been recorded. On October 4, 2004, the Mortgage was assigned by Lender to Guaranty Residential Lending, Inc. which Assignment was recorded on October 12, 2004, in Liber 34213, Page 404 of the Oakland County Register of Deeds. (the "First Assignment"). (Dkt. No. 9, Exhibit C). On November 30, 2004, the Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") which assignment was recorded on January 26, 2005, in Liber 34847, page 190 of the Oakland County Register of Deeds (the "Second Assignment"). (Dkt. No. 9, Exhibit D). On January 13, 2011, MERS assigned the Mortgage to BANA which Assignment was recorded on January 18, 2011, in Liber 42746, Page 118 Oakland County Register of Deeds.

September 2011, BANA, through Trott, proceeded with the foreclosure. The foreclosure sale was scheduled for April 24, 2012, but has been adjourned and no date is currently set.

## III. ARGUMENT

Trott is the only non-diverse defendant named in this action, and there is no basis for recovery against it. Trott was fraudulently joined, and its Michigan citizenship does not preclude diversity jurisdiction or prevent removal to this Court because Trott cannot be liable for the underlying claims. As explained by the court in *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-93 (6th Cir. 1999), "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds," and occurs when "no colorable basis" exists for predicting that a plaintiff may recover against non-diverse defendants. *Id.* at 492-93 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Removal should not be denied for lack of diversity if "a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* (citing *Alexander*, 13 F.3d at 949).

Trott is a professional corporation of attorneys whose role was limited to acting as legal counsel for BANA in the foreclosure action and related modification review. (*See* Affidavit of William D. Meagher, Dkt. No. 1, Exhibit 2). Trott is not a party to the Loan, is not servicer of the Loan, and has no interest in the Property. *See Id.* All actions by Trott in relation to the foreclosure and modification were done at the direction and on behalf of its client, BANA. As foreclosure counsel, Trott owes no duty to Plaintiff is and not liable for carrying out the wishes of its client. As such, Trott is not a properly joined defendant to this litigation.

Other courts specifically addressing the joinder of Trott in similar actions and under nearly identical circumstances agree that its inclusion does not defeat diversity. *See, e.g., Yuille v. Trott and Trott, PC*, No. 11-CV-10584, at 2 (E.D. Mich. March 30, 2011) (Dkt. No. 1, Exhibit 3). In *Yuille*, the court found that "Trott's citizenship is properly disregarded for purposes of

3

determining whether the parties' citizenships are diverse because Trott was fraudulently joined." The court recognized that "[j]oinder is fraudulent when plaintiff has no cognizable cause of action against the defendant in question under state law." *Id.* at 2-3 (citation omitted). "Trott has been acting solely as [the servicer's] agent, appointed by [the servicer] as its counsel to negotiate loan modification terms and/or to commence foreclosure proceedings . . . . Plaintiff's cause of action, if any, is against the principal, not the agent." *Id.* at 3 (citing *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 402-03, 729 N.W.2d 277 (2006)).

As in *Yuille*, here, Trott was acting as counsel for BANA in foreclosure proceedings and related modification negotiations. Plaintiff asserts that *Yuille* is distinguishable from the present case because Plaintiff alleges that Trott acted independently from BANA. *See* Motion to Remand, ¶ 6, Brief in Support of Motion to Remand, p. 4. Plaintiff asserts that Trott allegedly contradicted statements made by BANA, and that this proves Trott's independent actions. *Id.* Based on this, Plaintiff asserts that she has made "colorable claims" against Trott.[3] The "evidence" Plaintiff highlights in support of her argument, however, demonstrates that Plaintiff's claim is, at best, frivolous, and at worst, is brought in bad faith.

---

[3] In Plaintiff's Response to the Court's Order to Show Cause, Plaintiff raises additional assertions to support her claim that Trott acted independently. Among these assertions are the allegations that Trott did not send out a housing notice, did not provide information on modification, and referred to themselves as a mediator. Plaintiff does not raise these assertions in the Motion to Remand, so they will not be addressed at length here. However, these additional assertions do nothing to bolster Plaintiff's arguments. As discussed herein, the exhibits attached to Plaintiff's complaint demonstrate that Trott was acting as BANA's agent in relation to the foreclosure and modification. This contradicts any claims that Trott independently sent out a housing counselor notice or independently engaged in modification negotiations. The last assertion (relating to Trott being a mediator) was not alleged in Plaintiff's complaint and thus cannot be the basis for Plaintiff's Motion to Remand. However, as discussed herein, Plaintiff's counsel knew that Trott was acting as the agent of BANA in relation to the modification. Plaintiff cannot now claim that she believed otherwise.

Plaintiff points to Paragraph 29 of the Complaint as proof that she alleged independent actions on the part of Trott. In Paragraph 29, Plaintiff claims that information provided by Trott allegedly contradicted what BANA had previously told Plaintiff. (*See* Dkt. No. 1, Ex. 1, Complaint ¶ 29,.) However, in this same paragraph, Plaintiff admits that Trott was BANA's "local designee." *See Id.* Therefore, although Plaintiff alleges that contradictory information was provided, she acknowledges that Trott was taking direction from and acting on behalf of BANA. In the Motion to Remand, Plaintiff reiterates this, stating again that Trott was BANA's "local designee." Motion to Remand ¶ 4.

Plaintiff generally references exhibits to the Complaint as further evidence of Trott's alleged independent actions. Plaintiff fails to point to any specific exhibit, but it appears as though she is referring to letters and emails from Trott to Plaintiff (or to Plaintiff's counsel, Valerie Moran). These exhibits do not provide evidence that Trott was acting independently from BANA.

First, the email correspondence attached to the Complaint provides *no* evidence of Trott's actions. The email correspondence is simply a string of one-sided emails from Ms. Moran to Trott attorney Brian Yoho. (*See* Dkt. No. 1, Ex. 1, Complaint). But for an automatic out-of-office response, there are no emails from Mr. Yoho contained in the exhibits. Moreover, in these emails, Ms. Moran acknowledges that Trott is getting its information from BANA. On July 11, 2011, Ms. Moran writes that Trott informed her that BANA "contend[ed] that they … are still considering [Plaintiff's] file." (*See* Dkt. No. 1, Ex. 1, Complaint). On August 9, 2011, Ms. Moran writes that Trott was receiving its information from a "contact" at BANA, a woman named "Gabrielle." (*See* Dkt. No. 1, Ex. 1, Complaint). Ms. Moran goes on to request, "Please also advise if Bank of America is still stating that they have all documents needed for the loan

5

modification review[.]" *Id.* From Ms. Moran's emails, it is clear that she recognized that Trott was representing BANA in the modification review, and not acting independently. Plaintiff cannot claim in good faith that she thought that Trott was acting independently from BANA.

In addition to the emails, Plaintiff attaches letters to the Complaint which also demonstrate that Trott was acting as BANA's counsel. In the January 18, 2011 housing counselor notice, which initiated the foreclosure, Trott states: "Trott & Trott, P.C. represents BAC Home Loans Servicing, L.P." (*See* Dkt. No. 1, Ex. 1, Complaint). Similarly, in a January 6, 2012 letter from Mr. Yoho to Ms. Moran, Mr. Yoho communicates about a past decision to decline Plaintiff for modification. (*See* Dkt. No. 1, Ex. 1, Complaint). Mr. Yoho states: "Bank of America informed me that this decision was made after Ms. Lyons failed to respond to the enclosed letter requesting financial documentation." *Id.* These letters make it clear that Trott was taking direction from BANA and only representing BANA in the foreclosure proceedings and modification negotiations.

The Complaint does not provide any cognizable claim that Trott was acting independently from BANA. To the contrary, the allegations and attached exhibits to the Complaint establish that Trott was acting merely as counsel for BANA. As such, Trott cannot be held liable for carrying out the directions of its client. Indeed, Michigan law does not permit a cause of action against a litigant's counsel under such circumstances. *See Edwards v. Std. Fed. Bank, N.A.*, 2009 U.S. Dist. LEXIS 2590, at *10 (E.D. Mich. Jan. 14, 2009) (ruling that Plaintiff's claims seeking rescission of foreclosure sale failed against Trott because Trott's only role was as attorney for the bank) (Dkt. No. 1, Exhibit 4); *see also Casey*, 273 Mich. App. at 402-03 (cautioning, as a matter of public policy, against imposing duty of care on litigant's attorneys).

6

By demonstrating that Trott is a professional corporation of attorneys that served as counsel for BANA that took no independent actions, BANA has met its burden for removal. *See Estate of Malloy v. PNC Bank,* No. 11-12922, 2011 U.S. Dist. LEXIS 109850, *3-4 (E.D. Mich. Sept. 27, 2011) (finding that the removing defendant had met its burden by establishing that Trott served as counsel for plaintiffs, did not lend plaintiffs money, and did not make decisions that led to the commencement of the foreclosure) (attached hereto as **Exhibit D**). It is clear that Trott has been fraudulently joined in this action, and its status as a Michigan citizen does not defeat diversity jurisdiction. Therefore, this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the Motion to Remand should be denied.

### IV. CONCLUSION

BANA has presented sufficient evidence that Plaintiff cannot establish any colorable claim against Trott and that Trott is a nominal defendant that has been fraudulently joined. For the reasons stated here, BANA requests that this Court deny Plaintiff's Motion to Remand, and continue to exercise subject matter jurisdiction over this case.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ Amy Sabbota Gottlieb
Amy Sabbota Gottlieb (P67020)
Ari M. Charlip (P57285)
Attorneys for Bank of America, N.A.
2600 West Big Beaver Rd., Ste. 300
Troy, MI 48084-3312
(248) 433-7286
Email:  agottlieb@dickinsonwright.com
              acharlip@dickinsonwright.com

Dated:  July 9, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 9, 2012 the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system which will send notification by email of such filing to all counsel of record.

/s/ Amy Sabbota Gottlieb
Amy Sabbota Gottlieb (P67020)
Dickinson Wright PLLC
Attorneys for Bank of America, N.A.
2600 West Big Beaver Rd., Ste. 300
Troy, MI 48084-3312
(248) 433-7286
Email: agottlieb@dickinsonwright.com

Dated: July 9, 2012

BLOOMFIELD 21348-125 1205899v1