UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LYONS,

            Plaintiff,                       Case No. 12-12182

v.                                     Paul D. Borman
                                     United States District Judge

TROTT &TROTT,
BANK OF AMERICA, N.A., and
BAC HOME LOANS SERVICING, LP,

            Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF NO. 11)

This matter is before the Court on Plaintiff's Motion to Remand to Oakland County Circuit Court. (ECF No. 11.) Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP filed a response (ECF No. 16) as did Defendant Trott & Trott (ECF No. 17). Plaintiff filed a reply. (ECF No. 18.) The Court held a hearing on September 13, 2012. For the reasons that follow, the Court DENIES Plaintiff's motion to remand.

**INTRODUCTION**

On or about April 24, 2012, Plaintiff filed her Complaint in the Circuit Court for the County of Oakland, State of Michigan, against Bank of America, N.A. ("BANA")[1] and Trott & Trott P.C.

---

[1] In her Complaint, Plaintiff names both Bank of America, N.A. and BAC Home Loans Servicing, LP as Defendants. In its Response to Plaintiff's Motion to Remand, BANA states that effective July 1, 2011, BAC Home Loan Servicing, L.P. merged with and into Bank of America, N.A. (ECF No. 16, 1 n.1.)

("Trott"), seeking to enjoin the sheriff's sale of her home, initiated by Trott on behalf of BANA, following Plaintiff's default on her mortgage. The foreclosure sale was scheduled for April 24, 2012, but has been adjourned without new date. (ECF No. 16, BANA's Resp. to Mot. to Remand, 3.) The essence of Plaintiff's Complaint is that the Defendants failed to offer her a reasonable loan modification option before proceeding with foreclosure by advertisement of her home.

On May 16, 2012, BANA removed the case to this Court, based upon diversity of citizenship between BANA (North Carolina) and Plaintiff (Michigan), notwithstanding the Michigan citizenship of Defendant Trott. BANA argues that the Court should disregard the Michigan citizenship of non-diverse Defendant Trott based upon fraudulent joinder because Plaintiff has no colorable claim under Michigan state law against Trott. On June 5, 2012, this Court issued an Order to Plaintiff to show cause why BANA had not adequately established fraudulent joinder in its Notice of Removal. (ECF No. 8, Order to Show Cause.)  Plaintiff responded to the Court's Show Cause Order and simultaneously filed the instant Motion to Remand. (ECF Nos. 11, 12, 13.)  For the reasons that follow, the Court concludes that BANA has established that Plaintiff has no colorable claim against Trott under Michigan law in this mortgage foreclosure action and DENIES Plaintiff's motion to remand.

## I.    BACKGROUND

The facts set forth in BANA's Response to Plaintiff's Motion to Remand regarding the underlying mortgage transaction and default are not in dispute. The Plaintiff obtained a loan on real property located at 690 Gamma Road, Walled Lake, Michigan 48390 (the "Property") on September 24, 2004, in the original amount of $161,000. (ECF No. 1, Notice of Removal, Ex. A, Note.)  To secure payment of the loan, Plaintiff granted a mortgage in the Property to Premier Mortgage (ECF

2

No. 1, Notice of Removal, Ex. B, Mortgage), which ultimately was assigned to BANA on January 13, 2011 (ECF No. 1, Notice of Removal, Ex. C, Assignment of Mortgage).  Following Plaintiff's default on the loan, in January, 2011, BANA initiated foreclosure by advertisement proceedings against Plaintiff through its foreclosure counsel here in Michigan, Trott.  (ECF No. 1, Notice of Removal, Ex. 1, Complaint, Ex. 4, January 18, 2011 letter from Trott to Plaintiff).

The dispute between the parties centers around efforts at loan modification.  According to the allegations of the Complaint, Plaintiff, a senior citizen who cares for a disabled son, claims that she qualified for a Home Affordable Mortgage Program ("HAMP") loan modification that would reduce her monthly mortgage payment but that BANA offered her a loan modification that in fact increased her monthly payment. (ECF No. 1, Ex. 1, Compl. ¶ 1.)  Plaintiff claims that "Defendant Bank of America provided her with contradictory instructions and advice pursuant to HAMP including falsely advising her of the criteria necessary to qualify and falsely advising her of the criteria necessary to qualify and falsely advising her of the status of her loan modification review." (*Id.* ¶ 10.)  Additionally, notwithstanding the fact that Plaintiff alleges that she did timely seek assistance from a housing counselor, Plaintiff states that the foreclosure prevention notice she received did not comply with the requirements of Mich. Comp. Laws § 600.3205 regarding foreclosure by advertisement because the list of housing counselors provided with the notice was out of date and incomplete. (*Id.* ¶¶ 11-13.)

Plaintiff claims that she met with Trott on March 29, 2011 and was told that her loan modification was still under review. (*Id.* ¶ 14.)  Plaintiff claims that Defendants refused to accept her trial loan payments and that Trott and BANA "contradicted each other for months as to the state of Plaintiff's loan modification file" and that she "requested calculations from Trott and Trott the

3

local designee for defendant Bank of America for the denied loan modification," but Trott failed to provide them to her. (*Id.* ¶ 21.)

Plaintiff concludes in her Complaint: "Defendant's Bank of America's and BAC's local designee, Trott & Trott, pursuant to Mich. Comp. Laws 600.3205 et seq., denied that Plaintiff's loan modification file had been close for months (as was claimed by Defendant Bank of America) and repeatedly failed to provide calculations used in the determinations as requested by Plaintiff and requested documents be sent." (Compl. ¶ 29.) Plaintiff further alleges that "Defendants" violated Mich. Comp. Laws § 600.3205 by failing to qualify Plaintiff based upon her retirement income and falsely advising Plaintiff that she "must return to work to save her home." (*Id.* ¶ 31.) Plaintiff complains that "Defendant must be ordered to continue and complete the loan modification according to HAMP guidelines and as mandated by Michigan law such that Plaintiff receives a benefit from the loan modification (a reduced payment and not an increased one) and thus can keep possession and ownership of her home." (*Id.* ¶ 44) (emphasis in original). Plaintiff seeks injunctive and declaratory relief in the form of an order requiring Defendants to complete the loan modification process and grant her legal title to the Property, and damages incurred in connection with the failed loan modification process.

Although no such assertion appears in Plaintiff's Complaint, in her response to this Court's Order to Show Cause, and in her motion to remand, Plaintiff states that when she and her housing counselor met with Trott, BANA's local designee, Trott referred to themselves as "mediators." Plaintiff asserts in her motion and show cause response that by referring to themselves as mediators, Trott created "the false impression they were neutral parties seeking to assist" in helping Plaintiff obtain a loan modification and therefore were acting independently of BANA and had a duty to act

  
"impartially." (ECF No. 12, Pl.'s Resp. to Order to Show Cause, 6.)   From this, Plaintiff concludes

that somehow Trott, therefore, is liable to the Plaintiff, separate and apart from BANA, for BANA's

refusal to grant her a loan modification. *Id.*

## II.   STANDARD OF REVIEW

The burden of establishing federal jurisdiction, and this case, therefore, proving fraudulent

joinder, is on the removing party. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th

Cir. 1994).   A removing defendant can establish fraudulent joinder by demonstrating that plaintiff

has "no colorable claim" against the non-diverse defendant under applicable state law. *Coyne v.

American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).   Plaintiff's motive in joining a non-

diverse defendant is immaterial to the Court's determination. *Jerome-Duncan, Inc. v. Auto-By-Tel,

L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).   Whether the matter is properly removed is based upon

the claims as pled in plaintiff's complaint. *Coyne*, 183 F.3d at 493. *See also Pichler v. U.S. Steel

Corp.*, No. 09-10843, 2009 WL 3199698, at *3 n.1 (E.D. Mich. Sept. 30, 2009) (following Sixth

Circuit precedent limiting review of plaintiff's claims in a fraudulent joinder analysis to the facts

alleged in plaintiff's pleadings).   All doubts as to the propriety of removal and any ambiguities in

state law are resolved in favor of the party seeking remand. *Coyne*, 13 F.3d at 493.

## III.   ANALYSIS

The essence of Plaintiff's argument for remand is that Trott represented itself to her during

the loan modification process as a "mediator" and that Plaintiff therefore perceived Trott to be acting

independent of BANA in facilitating the loan modification process. (ECF No. 12, Pl.'s Resp. to

Order to Show Cause, 3-4.)   Plaintiff suggests that, therefore, she has viable claims under Michigan

law against Trott that are independent of her claims against BANA as the servicer of her loan.

Specifically, Plaintiff claims that she asserts viable claims against Trott in Counts IV (Violation of Mich. Comp. Laws § 600.3205), V (Intentional Infliction of Emotional Distress), VI (Negligent Infliction of Emotional Distress) and VII (Concert of Action).  (ECF No. 11, Pl.'s Mot. Remand ¶¶ 3-4.)

### A.     Plaintiff's Complaint Contains No Allegation That Trott Was Acting as an Independent Mediator to Assist Plaintiff and Not as Agent for BANA

Whether a matter is properly removed is based upon the claims as pled in Plaintiff's complaint. *Coyne*, 183 F.3d at 493; *Pichler*, 2009 WL 3199698, at *3 n.1  Plaintiff's revisionist portrayal of her claims in her effort to secure a remand to state court is directly contradicted by her Complaint, in which she demonstrates a clear understanding that Trott acted as BANA's agent in the foreclosure and loan modification process.  Throughout the Complaint, Plaintiff refers to Trott as BANA's "local designee."  Plaintiff attaches to her Complaint correspondence to her from Trott that expressly states that Trott "represents" BANA and is their "agent," designated to meet with Plaintiff to discuss a possible loan modification.  (Compl. Ex. 4.)  Additionally, in correspondence attached to Plaintiff's Complaint from Plaintiff's counsel to Trott, it is clear that Plaintiff recognizes that Trott is simply the intermediary between Plaintiff and BANA: "Please advise if Bank of America is still stating that they have all documents needed for the loan modification review[.]" (ECF No. 1 Pg. ID 83, Ex. 1, Compl. Ex. 7, Aug. 9, 2011 Email from Valerie Moran to Bryan Yoho.)  Plaintiff also refers to and attaches to her Complaint Plaintiff the Affidavit of Gilbert Borman, who opines that Plaintiff in fact qualifies for a HAMP loan modification, that "her lender's offering of a loan modification and then retracting their offer constituted a serious deviation from Federal Loan Modification procedures," that her "lender's internal loan controls on their modification program,"

6

were poorly managed and that Plaintiff's "lender" was in error when it notified her of her failure to qualify. (ECF No. 1, Compl. Ex. 6, March 24, 2012 Affidavit of Gilbert Borman.) Nothing in Borman's Affidavit suggests that Plaintiff complains of any independent actions of Trott, who acted as BANA's attorney and loan modification facilitation designee.

In each Count of the Complaint that Plaintiff argues states an independent claim against Trott, BANA and Trott ("BAC's local designee") are referred to collectively - "Defendants failed to modify the loan as requested" (Count IV), "Defendants conduct was extreme and outrageous" (Count V), "Defendants negligently disregarded Plaintiffs statements" (Count VI), and "Defendants acted in concert" (Count VII). Defendants are alleged to have acted together to undermine or interfere with Plaintiff's efforts at loan modification. The Complaint does not single out Trott as having independent liability to the Plaintiff. Indeed, each Count of Plaintiff's Complaint asks this Court to "grant[] Plaintiff all legal title to the subject property," relief that cannot be obtained from Trott, who never possessed nor claimed legal title to the property. Nowhere in the Complaint does Plaintiff assert that she believed that Trott was representing her interests, as opposed to the interests of BANA, or that Trott owed her some independent duty of candor or was acting as a "neutral" party in the loan modification process. As BANA asserts in its pending motion to dismiss, "Trott & Trott did not (and could not) take any independent actions and was representing BANA." (ECF No. 9, Defs.' Mot. Dismiss, 19.)

### B.    Trott Was Acting at All Times as BANA's Attorney and Representative in the Foreclosure and Loan Modification Process, and Plaintiff Has no Colorable Claim Against Trott Under Michigan Law

Because Trott is not the mortgage holder, the mortgage servicer and is not a "foreclosing party" as defined under Michigan law, and because Trott was acting at all times as BANA's attorney

7

and representative in the foreclosure and loan modification process, Plaintiff has pleaded no colorable claim against Trott under Michigan law. Other courts in this district have concluded that a plaintiff in a foreclosure action has no independent state law claim against Trott (or any other similarly situated attorney/local designee) for conduct related to an alleged wrongful foreclosure where Trott is acting solely as the attorney/agent for the lender or loan servicer. *See Yuille v. Trott and Trott, PC*, No. 11-10584, 2011 U.S. Dist. LEXIS 111249, at *3-4 (E.D. Mich. March 30, 2011) (finding that Trott had been fraudulently joined were "Trott has been acting solely as AHMSI's agent, appointed by AHMSI to serve as its local counsel to negotiate loan modification terms and/or to commence foreclosure proceedings" and "Plaintiff's cause of action, if any, is against the principal, not the agent"); *Conlin v. Mortgage Electronic Registration Systems, Inc.*, No. 11-15352, 2011 WL 6440705, at *1 (E.D. Mich. Dec. 16, 2011) ("In cases challenging mortgage foreclosures such as this one, a plaintiff does not have a cause of action against foreclosure counsel, who serves as an agent for the bank."); *Estate of Jerry Malloy v. PNC Bank*, No. 11-12922, 2011 WL 4485088, at *1 (E.D. Mich. Sept. 27, 2011) (holding that because Trott did not lend plaintiffs money, did not service plaintiffs' loan, did not make decisions that led to the commencement of foreclosure proceedings and did not take any independent action on which the propriety of foreclosure would be determined for purposes of adjudicating plaintiff's claims, plaintiffs' state law causes of action, if any, were against the lender, not the agent, and joinder of Trott was fraudulent and Trott's citizenship was properly disregarded for purposes of determining diversity of citizenship).

There is simply no support for Plaintiff's suggestion that Trott owed Plaintiff a duty to act "impartially" in functioning as BANA's local designee. *See Edwards v. Standard Federal Bank, N.A.*, No. 08-12146, 2009 WL 92157, at *3 (E.D. Mich. Jan. 14, 2009) (recognizing that Trott was

8

acting as the lender's counsel and owed no fiduciary duty to the plaintiff and therefore had no liability to plaintiff); *Cingolani v. BAC Home Loans Servicing, L.P., et al.*, No. 11-15159, 2012 WL 3029829, at *5 (E.D. Mich. July 25, 2012) (finding that Trott represented Bank of America in foreclosure proceedings and owed no duty of care to plaintiff); *Hamilton v. Bank One Nat'l Ass'n, et al.*, No. 265062, 2006 WL 1084397, at *4 (Mich. Ct. App. April 25, 2006) (unpublished) (finding that trial court properly granted Trott's motion for sanctions where plaintiff's claims against Trott were devoid of legal merit because "the law firm had no duty to plaintiff, and in fact had interests that were directly adverse to plaintiff by virtue of its legal representation of Bank One and Homecomings").

Plaintiff argues in her motion for remand that this case is to be distinguished from *Yuille, supra*, because in the instant case Plaintiff claims that Trott and BANA contradicted one another in processing her loan modification request. Plaintiff asserts in her motion that BANA has failed to meet its burden to establish fraudulent joinder because BANA "ignores Plaintiff's statements in paragraph 29 of the complaint in which the local designee contradicted Bank of America by stating that the file was open." Notably, the very allegation on which Plaintiff relies refers to Trott as BANA's local designee!  Plaintiff offers no legal support for her conclusion that this alleged "contradiction" transforms the relationship between Trott and BANA into something other than an attorney/client, principal/agent relationship. Each allegation of Plaintiff's Complaint that mentions Trott complains of conduct that Trott engaged in while acting as BANA's attorney/agent during the foreclosure and/or loan modification process. As BANA concedes in its pending motion to dismiss, "Trott & Trott did not (and could not) take any independent actions and was representing BANA." (ECF No. 9, Defs.' Mot. Dismiss, 19.)

9

Plaintiff now suggests in argument what was not pled in her Complaint -- that Trott was acting as a "neutral mediator," and not as BANA's local designee, as pled in the Complaint. (ECF No. 11, Mot. to Remand 10; ECF No. 12, Pl.'s Resp. to Show Cause Order 7.) However, it is clear that all of Plaintiff's allegations relate to her efforts to obtain a loan modification, working with BANA and "its local designee" Trott, to avoid foreclosure on her home. Plaintiff throughout her Complaint refers to Trott as BANA's "local designee," and the correspondence sent to Plaintiff by Trott, which Plaintiff attached to her Complaint, clearly explained the relationship between the entities. (Compl. Exs. 4, 5.) Plaintiff did not plead these "neutral party" claims in her Complaint and offers no legal basis for the conclusion that the alleged "contradiction" referred to in Plaintiff's Complaint somehow defeats Trott's status as BANA's attorney representing BANA in the foreclosure proceedings and modification negotiations. As in *Malloy*, Plaintiff here alleges that Trott, along with BANA and acting as BANA's local designee, failed to appropriately evaluate a request for a loan modification. Plaintiff points to nothing that would distinguish this case from *Yuille* and *Malloy*.

Even were the Court to address the substance of the claims that Plaintiff asserts she has pled separately against Trott, it is clear that none states a claim against Trott under Michigan law. Plaintiff claims that she asserts viable claims against Trott in Counts IV (Violation of Mich. Comp. Laws § 600.3205), V (Intentional Infliction of Emotional Distress), VI (Negligent Infliction of Emotional Distress) and VII (Concert of Action). (ECF No. 11, Pl.'s Mot. Remand ¶¶ 3-4.)

Mich. Comp. Laws § 600.3205 instructs a mortgage holder or servicer (BANA) to designate a local agent (Trott) to serve as its local representative for purposes of contacting defaulting borrowers and working with them to attempt to modify the terms of their defaulted loans. Mich.

10

Comp. Laws § 600.3205, 600.3205a. The statute directs the form and content of certain notices that must be sent to the defaulting borrower and defines certain rights of the borrower with regard to the loan modification process. Mich. Comp. Laws § 600.3205a; 600.3205b. The statute further directs that if a "mortgage holder" or "mortgage servicer" begins foreclosure proceedings in violation of the provisions of the statute, "the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8). Under the Michigan's foreclosure by advertisement statute, the foreclosing party must be either the mortgage holder or mortgage servicer. Mich.   Comp. Laws § 600.3204(1)(d). Trott is neither and has no independent liability under the statute. As noted above, as in *Malloy*, Trott in the instant case "did not lend Plaintiff[] money, it is not the servicer of Plaintiff['s] loan, and it did not make the decisions that led to the commencement of the foreclosure that Plaintiff[] challenge[s] in this lawsuit. It did not take any independent actions on which the propriety of the foreclosure will be determined for purposes of adjudicating Plaintiff['s] claims." *Malloy*, 2011 WL 4485088, at *1.

Nor has Plaintiff alleged a colorable claim under Michigan law against Trott for intentional infliction of emotional distress. The tort of intentional infliction of emotional distress under Michigan law requires evidence of: "'(1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) severe emotional distress of the plaintiff.'" *Cingolani*, 2012 WL 3029829, at *6 (citing *Walsh v. Taylor*, 263 Mich. App. 618, 634 (Mich. Ct. App. 2004)). "In Michigan, this standard is not satisfied when the plaintiff essentially claims that the defendant breached contracts with him in various ways and foreclosed on his property." *Id*. (internal citations and quotation marks omitted). Plaintiff's intentional infliction claim is based on

11

the allegation that "Defendants . . . continued to utilize false and improper criteria to frustrate and prevent the successful completion of the loan modification." (Compl. ¶ 75.) Plaintiff provides the Court with no authority that such conduct could serve as a basis for an intentional infliction of emotional distress claim against Trott under Michigan law. Plaintiff has pled no colorable claim against Trott for intentional infliction of emotional distress.

Nor has Plaintiff pled a colorable claim against Trott for negligent infliction of emotional distress. "The tort of negligent infliction of emotional distress has been found to occur in situations wherein a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result." *Deitz v. Wometco West Michigan TV*, 160 Mich. App. 367, 380-81 (Mich. Ct. App. 1987). Plaintiff has not pled facts against Trott that fit within the scope of a claim of negligent infliction of emotional distress.

Finally, Plaintiff's claim of "concert of action" (presumably civil conspiracy) depends upon the existence of a separate, actionable tort, which Plaintiff has not established against Trott in the instant case. "Trott correctly notes . . . that 'a claim for civil conspiracy may not exist in the air; rather it is necessary to prove a separate, actionable tort.'" *Cingolani*, 2012 WL 3029829, at *7.

## IV. CONCLUSION

Trott was not the mortgage holder or the mortgage servicer of Plaintiff's mortgage. Trott instituted foreclosure proceedings and engaged in loan modification negotiations with Plaintiff as BANA's counsel and agent. Trott did not take any independent action that resulted in the decision to commence foreclosure proceedings. Plaintiff's claims seeking to enjoin the foreclosure and grant her legal title to the proper lie, if at all, against BANA, the foreclosing party, not Trott, BANA's agent. If Trott, as BANA's agent, failed to comply with the provisions of the Michigan foreclosure

12

by advertisement statute, Plaintiff's recourse is against BANA, not Trott.  Plaintiff has not identified any colorable claim under Michigan law that would entitle her to obtain from Trott the relief she seeks in her Complaint.

The Court concludes that Trott has been fraudulently joined in this action and therefore the Court disregards Trott's citizenship for purposes of determining diversity of citizenship. Accordingly, the Court DENIES Plaintiff's motion to remand.

IT IS SO ORDERED.

_____
Paul D. Borman
United States District Judge

Dated:   10-25-12

13